AO 106A (08/18) Application for a Warrant by Telephone or Other Reliable Electronic Means

# UNITED STATES DISTRICT COURT
for the
District of Oregon

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>The black Nokia flip phone as described in Attachment A | )<br>)<br>)  Case No.  3:23-mc-00384<br>)<br>)<br>) |

**APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS**

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:
The black Nokia flip phone as described in Attachment A hereto,

located in the _____ District of ___Oregon___, there is now concealed *(identify the person or describe the property to be seized)*:
The information and items set forth in Attachment B hereto.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☑ contraband, fruits of crime, or other items illegally possessed;
☑ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a)(1),<br>21 U.S.C. § 843(b), &<br>18 U.S.C § 924(c) | Distribution and Possession with Intent to Distribute a Controlled Substance, Use of Communication Facilities in the Commission of Offenses Related to the Distribution of Controlled Substances, & Use of a Firearm or Possession of a Firearm in Furtherance of a Drug Trafficking Offense |

The application is based on these facts:
See affidavit which is attached hereto and incorporated herein by this reference.

☑ Continued on the attached sheet.
☐ Delayed notice of ___ days *(give exact ending date if more than 30 days: _____)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
FBI Task Force Officer Thomas Stewart
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
___Telephone at 3:20 pm___ *(specify reliable electronic means)*.

Date: __May 5__, 2023

*[signed] Jeff [signature]*
*Judge's signature*

City and state: Portland, Oregon    Hon. Jeffrey Armistead, United States Magistrate Judge
*Printed name and title*

ATTACHMENT A

**Phone to Be Searched**

The phone to be searched is a black Nokia flip phone of unknown model and serial number and is currently located in the evidence division of the Washington County Sheriff's Office, located at 215 SW Adams Avenue, Hillsboro, Oregon. This Nokia flip phone is assigned Washington County Sheriff's Office property evidence item number 41229-0012.

## ATTACHMENT B

## Items to Be Seized

1.  All records on the phone described in Attachment A that relate to violations of (1) the distribution and possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1); (2) the use of communication facilities in the commission of offenses related to the distribution of controlled substances, in violation of 21 U.S.C. § 843(b); (3) use of a firearm or possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C § 924(c) since March 1, 2023, including:

    a.  Any information related to the sources of firearms (including names, addresses, phone numbers, or any other identifying information).

    b.  Lists of customers and related identifying information.

    c.  Types, amounts, and prices of drugs trafficked as well as dates, places, and amounts of specific transactions.

    d.  Any information related to sources of drugs (including names, addresses, phone numbers, or any other identifying information).

    e.  Any information recording Jessie Echeverria-Chavez's schedule or travel from March 1, 2023 to the present.

    f.  All bank records, checks, credit card bills, account information, and other financial records.

    g.  Photographs of drugs, drug proceeds, firearms, drug customers, and drug suppliers.

2.  Evidence of user attribution showing who used or owned the Phone at the time the

things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history.

3. As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.

**Search Procedure**

4. The examination of the phone may require authorities to employ techniques, including imaging the phone and computer-assisted scans and searches of the entire phone that might expose many parts of the phone to human inspection in order to determine whether it constitutes evidence as described by the warrant.

5. The initial examination of the phone will be performed within a reasonable amount of time not to exceed 120 days from the date of execution of the warrant. If the government needs additional time to conduct this review, it may seek an extension of the time period from the Court within the original 120-day period from the date of execution of the warrant. The government shall complete this review within 180 days of the date of execution of the warrant. If the government needs additional time to complete this review, it may seek an extension of the time period from the Court.

6. If, at the conclusion of the examination, law enforcement personnel determine that particular files or file folders on the phone or image do not contain any data falling within the scope of the warrant, they will not search or examine those files or folders further without authorization from the Court. Law enforcement personnel may continue to examine files or data

Page 2 – Attachment B

falling within the purview of the warrant, as well as data within the operating system, file system, software application, etc., relating to files or data that fall within the scope of the warrant, through the conclusion of the case.

7.    If an examination is conducted, and it is determined that the phone does not contain any data falling within the ambit of the warrant, the government will return the phone to its owner within a reasonable period of time following the search and will seal any image of the phone, absent further authorization from the Court.

8.    If the phone contains evidence, fruits, contraband, or is an instrumentality of a crime, the government may retain the phone as evidence, fruits, contraband, or an instrumentality of a crime or to commence forfeiture proceedings against the phone and/or the data contained therein.

9.    The government will retain a forensic image of the phone for a number of reasons, including proving the authenticity of evidence to be used at trial, responding to questions regarding the corruption of data, establishing the chain of custody of data, refuting claims of fabricating, tampering, or destroying data, and addressing potential exculpatory evidence claims where, for example, a defendant claims that the government avoided its obligations by destroying data or returning it to a third party.

**Page 3 – Attachment B**

DISTRICT OF OREGON, ss:  AFFIDAVIT OF THOMAS STEWART

**Affidavit in Support of an Application
for a Search Warrant for a Phone**

I, Thomas Stewart, being duly sworn, do hereby depose and state as follows:

**Introduction and Agent Background**

1. I am a Detective with the Beaverton Police Department and have been a Police Officer since October 2002. I am also a Task Force Officer (TFO) with the Federal Bureau of Investigation (FBI). My current TFO assignment is to the Portland, Oregon Field Office. As a TFO I have been federally sworn and I have received Special Deputation by the FBI, pursuant to Title 18. My training includes completion of the Oregon Department of Public Safety and Standards Basic Police Academy (DPSST). I currently hold an advanced police certificate through DPSST. I have received additional training in the subject of firearm and narcotics investigations. For the past thirteen years I have been assigned as a Detective and I have worked a variety of State and Federal criminal investigations involving the possession of firearms by felons as well as narcotics investigation. As a TFO with FBI, part of my duties and responsibilities include conducting criminal investigations for possible violations of federal firearms and narcotics laws. Through my training and experience, I have become familiar with the manner in which members of a criminal enterprise communicate and use electronic communications to store, transmit, and distribute information to one another and how they plan, organize, and carry out criminal activity.

2. I submit this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a warrant to search and examination of the cellular telephone of Jessie Chavez-Echeverria (hereinafter "**Chavez Cellphone**") which has been stored at the

Page 1 – Affidavit of Thomas Stewart

Washington County Sheriff's Office property room under evidence receipt number 41229-0012, after Chavez was arrested by the Washington County Sheriff's Office on March 30, 2023. The **Chavez Cellphone,** more particularly described in Attachment A, will be searched consistent with the search procedure, as described in Attachment B hereto. As set forth below, I have probable cause to believe that the **Chavez Cellphone** contains the items to be seized as set forth in Attachment B because they constitute evidence of violations of (1) the distribution and possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1); (2) the use of communication facilities in the commission of offenses related to the distribution of controlled substances, in violation of 21 U.S.C. § 843(b); (3) use of a firearm or possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C § 924(c) (hereinafter "**Target Offenses**").

3.  This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.  The facts set forth in this affidavit are based on my own personal knowledge, knowledge obtained from other individuals during my participation in this investigation, including other law enforcement officers, interviews of witnesses, a review of records related to this investigation, communications with others who have knowledge of the events and circumstances described herein, and information gained through my training and experience.

### Target Offenses

4.  I believe there is probable cause to believe that evidence of the following violations will be found in the place to search, **Chavez Cellphone**:

- 21 U.S.C. § 841(a)(1) - the distribution and possession with intent to distribute controlled substances;

- 21 U.S.C. § 843(b) - the use of communication facilities in the commission of offenses related to the distribution of controlled substances;

- 18 U.S.C § 924(c) - use of a firearm or possession of a firearm in furtherance of a drug trafficking offense.

**Statement of Probable Cause**

**Jessie Chavez-Echeverria Investigation and Arrest**

5. On March 30, 2023, at approximately 12:12 a.m., Washington County Sheriff Sergeant Robert Rookhuyzen observed an unlicensed red Chevrolet Impala drive through the intersection of SW Oak Street and SW Dennis Avenue in Hillsboro, Oregon against a red light. Sergeant Rookhuyzen stopped the car for the traffic violation and contacted the driver who was the sole occupant of the vehicle. The driver identified himself with an Orgon identification card as Jessie Chavez-Echeverria (hereafter referred to as Chavez).

6. Chavez told Sergeant Rookhuyzen that he believed his driver's license was suspended. Sergeant Rookhuyzen conducted a records check on Chavez and learned his driver's license was suspended at that he was on post-prison supervision for attempted assault in the first degree, a felony. Chavez had stopped his vehicle in the left-most lane of a one-way thoroughfare, creating a traffic hazard.

7. Sergeant Rookhuyzen informed Chavez the car was going to be towed. Chavez asked if the car was going to be searched and if that was standard practice. Sergeant Rookhuyzen told Chavez the car would be inventoried, and it was standard practice. Chavez

Page 3 – Affidavit of Thomas Stewart

asked if he could remove a backpack from the trunk of the car, which he was allowed to do. Chavez exited the car with a black Adidas toiletry bag and then removed a black backpack from the car's trunk.   Chavez then walked away from the area.

8.     Sergeant Rookhuyzen then conducted an inventory of the vehicle and located a loaded Sig Sauer 9 mm semiautomatic pistol in the center console.   Chavez was recontacted and arrested for felon in possession of a firearm.

9.     Sergeant Rookhuyzen then searched the black backpack and located two additional pistols and over one hundred rounds of ammunition.   A search of an Adidas toiletry bag revealed multiple clear plastic baggies, a portable digital scale, a plastic baggie containing a white powdery substance, a sealed plastic container containing a white powdery substance, a container with drug residue and a black Nokia flip phone (**the Chavez Cellphone**).

10.    A field test was conducted on the white powdery substances and they tested positive for the presence of fentanyl.   The total amount of suspected fentanyl seized was approximately 18.7 grams. I know, from training and experience, that a typical user quantity of fentanyl is a tenth of one gram.

11.    Therefore, based on the items seized during the arrest of Chavez, including the 18-gram quantity, together with firearms, digital scale, and packaging material, I believe he was engaged in the illegal distribution of narcotics on March 30, 2023.

**Chavez's Criminal History:**

12.    I have reviewed Chavez's criminal history and learned he has felony convictions in the District of Oregon for Assault in the Third Degree (2015) and Attempted Assault in the First Degree (2016/2021). Chavez is currently on post-prison supervision and has been since

September 15, 2021.

13. Based on my training and experience as a narcotics detective for nine years, I know that individuals who use fentanyl, whether in a powder or pill form, only require small amounts, often less than fraction of one gram to obtain an impaired state. I also know that most illegal narcotic users usually don't possess more than enough narcotics to obtain an impaired state. The possession of over 13 grams of fentanyl, located in two containers, packaging material, a digital scale and the possession of a firearm are indicative of someone who is distributing narcotics.

14. I also know from my training and experience that persons associated with the distribution of narcotics will often arm themselves with firearms to protect themselves, their drugs and their proceeds from persons who may rob them of their controlled substances. I also know that convicted felons, like Chavez, are unable to easily acquire firearms, but once they do, they will often take pictures of the firearm to memorialize them. Since it is difficult for a convicted felon to obtain a firearm, they will attempt to conceal them from law enforcement, but will share pictures of themselves with the firearm as well as discuss the need to obtain them with others via social media and text platforms on their cellphones. Since firearms can be difficult for convicted felons to obtain it is likely that evidence related to felon in possession of a firearm will be located in Chavez's cellphone for several months prior to his arrest on March 30, 2023.

15. Based on my training and experience, I believe that Chavez was in possession of these firearms on March 30, 2023, to protect his himself, his drugs, and drug proceeds.

**Federal Grand Jury Indictment:**

16. On Tuesday May 2, 2023, Chavez was Indicted on one count of 18 U.S.C. §

Page 5 – Affidavit of Thomas Stewart

922(g)(l), Felon in Possession of a Firearm, for the three handguns that were seized in this investigation. The firearms are described as a tan 9mm Sig Sauer model P320 M18, semiautomatic pistol bearing serial number M18A104084, a silver Taurus .45 caliber revolver, model Judge, serial number E0376813 and a silver Smith and Wesson .45 caliber semiautomatic pistol, model 645, bearing serial number TBT3368.

**Chavez's Cellphone:**

17.   Following Chavez's arrest, he was not allowed access to **Chavez Cellphone**. **Chavez Cellphone** was legally seized as evidence and placed into evidence at the Washington County Sheriff's Office, as noted on property evidence receipt item number 41229-0012. The Washington County Sheriff's Office property and evidence division located at 215 SW Adams Avenue in Hillsboro, Oregon.

18.   Based on my training and experience, I know that the **Chavez Cellphone** has been stored in a manner in which its contents are, to the extent material to this investigation, are substantially in the same state as they were when the cellphone first came into the possession of the property room at the Washington County Sheriff's Office. Therefore, the phone and its' contents should be the same as it were prior to the arrest of Chavez and that an examination of the electronically stored information will find evidence pertaining to the **Target Offenses**.

19.   Based on my training and experience, a wireless telephone (or mobile telephone, or cellular telephone) is a handheld wireless device used for voice and data communication through radio signals. These telephones send signals through networks of transmitter/receivers, enabling communication with other wireless telephones or traditional "land line" telephones. A wireless telephone usually contains a "call log," which records the telephone number, date, and

Page  6 – Affidavit of Thomas Stewart

time of calls made to and from the phone.  In addition to enabling voice communications, wireless telephones offer a broad range of capabilities.  These capabilities include: storing names and phone numbers in electronic "address books;" sending, receiving, and storing text messages and email; taking, sending, receiving, and storing still photographs and moving video; recording, storing and playing back audio files; storing dates, appointments, and other information on personal calendars; and accessing and downloading information from the Internet,[1] including the use of apps.[2]  Wireless telephones may also include a global positioning system ("GPS") technology for determining the location of the device.

20. Based on my training, experience, and research, I know that the **Chavez Cellphone** has capabilities that allows it to serve as a wireless telephone, mobile messaging Apps, digital camera, portable media player, and GPS navigation device. In my training and experience, examining data stored on wireless telephones can uncover, among other things, evidence that reveals or suggests who possessed or used the phone, how the phone was used, the purpose of its use, and locations of evidentiary value to the investigation.

21. As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant but also forensic evidence that establishes how the **Chavez Cellphone** was used, the purpose of its use, who used it, and when.  There is probable cause to believe that

---

[1] The Internet is a global network of computers and other electronic devices that communicate with each other.  Due to the structure of the Internet, connections between devices on the Internet often cross state and international borders, even when the devices communicating with each other are in the same state.

[2] Apps is an abbreviation for applications.  An app is a self-contained program or piece of software designed to fulfill a particular purpose.  An app can run on the Internet, on a computer, on a cell phone, or on other electronic devices.

 Page  7 – Affidavit of Thomas Stewart

this forensic electronic evidence will be on the **Chavez Cellphone** because, based on my knowledge, training, and experience, I know:

      a.     Phones can store information for long periods of time, including information viewed via the Internet. Files or remnants of files can be recovered with forensic tools months or even years after they have been downloaded onto a phone, deleted, or viewed via the Internet. Electronic files downloaded to a phone can be stored for years at little or no cost. When a person "deletes" a file, the data contained in the file does not actually disappear, rather that data remains on the phone until it is overwritten by new data. Therefore, deleted files, or remnants of deleted files, may reside in free space or slack space—that is, in space on the phone that is not currently being used by an active file—for long periods of time before they are overwritten. In addition, the operating system may also keep a record of deleted data.

      b.     Wholly apart from user-generated files, the **Chavez Cellphone** may contain electronic evidence of how it has been used, what it has been used for, and who has used it. To give a few examples, this forensic evidence can take the form of operating system configurations, artifacts from operating systems or application operations, and file system data structures.

      c.     Similarly, files that have been viewed via the Internet are sometimes automatically downloaded into a temporary Internet directory or "cache."

      d.     Data on the **Chavez Cellphone** can provide evidence of a file that was once on the phone but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file). Systems can leave traces of information on the phone that show what tasks and processes were recently active. Web

browsers, email programs, and chat programs store configuration information on the Phone that can reveal information such as online nicknames and passwords. Operating systems can record additional information, such as the attachment of peripherals, including SD cards or other flash media, and the times the phone was in use. File systems can record information about the dates files were created and the sequence in which they were created.

      e.      Forensic evidence on a device can also indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

      f.      A person with appropriate familiarity with how the **Chavez Cellphone** works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how the phone was used, the purpose of its use, who used it, and when.

      g.      The process of identifying the electronically stored information necessary to draw an accurate conclusion is a dynamic process. Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on the **Chavez Cellphone** is evidence may depend on other information stored on the phone and the application of knowledge about how a phone functions. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

      h.      Further, in order to find evidence of how the **Chavez Cellphone** was used, the purpose of its use, who used it, and when, the examiner may have to establish that a particular thing is not present on the phone.

    22.    *Nature of examination.* Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the **Chavez**

Page 9 – Affidavit of Thomas Stewart

**Cellphone** consistent with the warrant. The examination may require authorities to employ techniques, including imaging the phone and computer-assisted scans and searches of the entire phone that might expose many parts of the device to human inspection in order to determine whether it constitutes evidence as described by the warrant.

23. The initial examination of the **Chavez Cellphone** will be performed within a reasonable amount of time not to exceed 120 days from the date of execution of the warrant. If the government needs additional time to conduct this review, it may seek an extension of the time period from the Court within the original 120-day period from the date of execution of the warrant. The government shall complete this review within 180 days of the date of execution of the warrant. If the government needs additional time to complete this review, it may seek an extension of the time period from the Court.

24. If, at the conclusion of the examination, law enforcement personnel determine that particular files or file folders on the Phone or image do not contain any data falling within the scope of the warrant, they will not search or examine those files or folders further without authorization from the Court. Law enforcement personnel may continue to examine files or data falling within the purview of the warrant, as well as data within the operating system, file system, software application, etc., relating to files or data that fall within the scope of the warrant, through the conclusion of the case.

25. If an examination is conducted, and it is determined that the phone does not contain any data falling within the ambit of the warrant, the government will return the phone to its owner within a reasonable period of time following the search and will seal any image of the phone, absent further authorization from the Court.

26. If the phone contains evidence, fruits, contraband, or is an instrumentality of the crime, the government may retain the phone as evidence, fruits, contraband, or an instrumentality of a crime or to commence forfeiture proceedings against the phone and/or the data contained therein.

27. The government will retain a forensic image of the phone for a number of reasons, including proving the authenticity of evidence to be used at trial, responding to questions regarding the corruption of data, establishing the chain of custody of data, refuting claims of fabricating, tampering, or destroying data, and addressing potential exculpatory evidence claims where, for example, a defendant claims that the government avoided its obligations by destroying data or returning it to a third party.

28. *Manner of execution.* Because this warrant seeks only permission to examine a device already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

## Conclusion

29. Based on the foregoing, I have probable cause to believe, and I do believe, that the Nokia flip phone, **Chavez Cellphone,** described in Attachment A contains evidence of violations of (1) the distribution and possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1); (2) the use of communication facilities in the commission of offenses related to the distribution of controlled substances, in violation of 21 U.S.C. § 843(b); and (3) use of a firearm or possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C § 924(c) as set forth in Attachment B. I therefore request that the Court

Page 11 – Affidavit of Thomas Stewart

issue a warrant authorizing a search of the **Chavez Cellphone** described in Attachment A for the items listed in Attachment B and the seizure and examination of any such items found.

30. Prior to being submitted to the Court, this affidavit, the accompanying application, and the requested search warrant were all reviewed by Assistant United States Attorney (AUSA) Leah K. Bolstad, and AUSA Bolstad advised me that in her opinion the affidavit and application are legally and factually sufficient to establish probable cause to support the issuance of the requested warrant.

/s/ Sworn to by telephone
Thomas Stewart
Detective Beaverton PD
Task Force Officer, FBI

Sworn in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone at 3:20 pm on May 5, 2023.

HONORABLE JEFFREY ARMISTEAD
United States Magistrate Judge